**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Malik Allah-U-Akbar,** | ) | **CASE NO. 1:23 CV 1631** |
| **aka Odraye Jones** | ) | |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | |
| **Ashtabula County, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Malik Allah-U-Akbar, aka Odraye Jones, filed this *in forma pauperis* civil rights action against Ashtabula County, City of Ashtabula, Ashtabula County Sheriff's Department, City of Ashtabula Police Department, Detective Jeff Brown, James D. Oatman, Jr., and Defense Attorney David L. Doughten. (Doc. No. 1). He seeks compensatory, declaratory, and injunctive relief.

Plaintiff's complaint, portions of which are illegible, appears to concern his 1998 criminal conviction for aggravated murder, which was affirmed on appeal. *See State v. Jones*, 91 Ohio St. 3d 335, 2001- Ohio- 57, 744 N.E.2d 1163 (Ohio 2001); *see also State v. Jones*, No. 2000-A-0083, 2002 Ohio App. LEXIS 1981, 2002 WL 737074 (Ohio Ct. App. Apr. 26, 2002) (denying state post-conviction relief); *State v. Jones*, 2002-Ohio-6914, 2002 WL 31812945 (Ohio Ct. App. Dec. 13, 2002) (denying motion for relief from judgment); *State v. Jones*, 108 Ohio St. 3d 1409, 2006-Ohio-179, 841 N.E.2d 315 (Ohio 2006) (table) (denying both of Jones's applications to reopen his direct appeal); *Jones v. Bradshaw*, 46 F.4th 459, 489 (6th Cir. 2022)

(affirming the conviction and granting conditional writ on his sentence). Plaintiff appears to allege in this complaint that he was falsely arrested and falsely imprisoned. He also alleges the following constitutional violations in the course of his criminal case: lack of probable cause, malicious prosecution, unreasonable search and seizure, double jeopardy, suppression of evidence and omission of witness testimony, lack of due process, and the denial of equal protection.

## STANDARD OF REVIEW

Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court grants the application by separate order. Accordingly, because plaintiff is proceeding *in forma pauperis*, his complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted where it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955,

167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Fed. R. Civ. P. 8(a)(2). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## DISCUSSION

Upon the Court's review, plaintiff's complaint must be dismissed in accordance with § 1915(e)(2)(B).

Plaintiff's complaint purports to assert claims calling into question the validity of his criminal conviction. However, plaintiff cannot collaterally attack his criminal conviction in a civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

In *Heck v. Humphrey*, the Supreme Court held that to recover damages for an allegedly unconstitutional conviction or sentence, or other harm caused by actions whose alleged unlawfulness would render the conviction or any part of the sentence invalid, a plaintiff must first show that the underlying conviction has been reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512

U.S. at 486-87. An individual may, therefore, not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997); *Heck*, 512 U.S. at 486-87. The holding in *Heck* has been extended to actions seeking injunctive and declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Wilson v. Kinkela*, 145 F.3d 1335 [published in full-text format at 1998 U.S. App. LEXIS 9341], 1998 WL 246401, at *1 (6th Cir. 1998) (extending *Heck* to actions seeking declaratory and injunctive relief).

Here, plaintiff's claims in this complaint concerning his conviction necessarily imply the invalidity of his conviction in his criminal case. And, there is no suggestion in his complaint that his conviction has been set aside or invalidated in any of the ways articulated in *Heck*. As noted above, plaintiff's conviction was affirmed on direct appeal. Plaintiff's efforts at state post-conviction relief also failed. Additionally, in reviewing the district court's denial of plaintiff's writ of habeas corpus, the Sixth Circuit Court of Appeals affirmed plaintiff's conviction and granted a conditional writ regarding his sentence. *See Jones v. Bradshaw*, 46 F.4th at 489. But, the issue concerning plaintiff's sentence remains pending. *See State v. Jones*, No. 1:03-cv-1192 (N.D. Ohio). Nonetheless, in this complaint, plaintiff is challenging the fact of his conviction, and his conviction has clearly been affirmed.

Plaintiff's complaint, therefore, alleges no cognizable civil rights claim and dismissal of his case is required on this ground alone. *Edwards*, 520 U.S. at 646; *Heck*, 512 U.S. at 486-87; *see also Clements v. Brimfield Twp.*, No. 1:12 CV 1180, 2012 U.S. Dist. LEXIS 162598, at *28 (N.D. Ohio Nov. 14, 2012) (finding the plaintiff's false arrest claims would call into question the

validity of his conviction and are, therefore, barred by *Heck*).

## CONCLUSION

For the foregoing reasons, the Court hereby DISMISSES this action pursuant to 28 U.S.C. § 1915 (e)(2)(B). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 12/18/23